Christopher K. Tahbaz
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Tel. (212) 909-6000
*Attorneys for Plaintiffs*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
INNA GUDAVADZE, LIANA ZHMOTOVA and IYA      :
PATARKATSISHVILI,
                                             :
                                             :
                          Plaintiffs,        :
                                             :
v.                                           :    08-Civ-3363 (RJS)
                                             :
                                             :    **ORDER TO SHOW CAUSE**
JOSEPH KAY (A/K/A JOSEPH KAKALASHVILI, A/K/A :    **FOR PRELIMINARY**
JOSEPH KEJ, A/K/A IOSEB KAKALASHVILI, A/K/A  :    **INJUNCTION AND**
IOSEB KAKIASHVILI) AND EMANUEL ZELTSER,      :    **EXPEDITED**
                          Defendants.        :    **PROCEEDINGS**
                                             :
------------------------------------------------------------------- x

Upon the accompanying declarations of Lasha Birkaia, Paul Blyumkin, Michelle Duncan, Inna Gudavadze, Anatoly Motkin, Vladimir Voronoff, and Jennifer R. Cowan, Esq., together with the exhibits annexed thereto, and upon the memorandum of law submitted herewith, and the summons and complaint filed on April 4, 2008,

IT IS HEREBY ORDERED that defendants Joseph Kay (a/k/a Joseph Kakalashvili a/k/a Joseph Kej a/k/a Ioseb Kakalashvili a/k/a Ioseb Kakiashvili) and Emanuel Zeltser show cause before the Hon. Richard J. Sullivan, United States District Judge, at Courtroom 21C in the United States Courthouse located at 500 Pearl Street, on May 8, 2008 at 10:00am, or as soon thereafter as counsel can be heard, why an order should not be issued

22717381v1

    (i)    Pursuant to Rule 65 of the Federal Rules of Civil Procedures, granting a preliminary injunction enjoining Defendants from claiming that:

        (a)    either Defendant is authorized to act or speak on behalf of the estate of Arkady (Badri) Patarkatsishvili, unless and until a court of competent jurisdiction finds to the contrary;

        (b)    the "Deed of Appointment of Executor" allegedly executed on November 14, 2007; the "Letter of Wishes" allegedly executed on November 14, 2007; or any other document empowers Defendant Kay to act as the executor of Mr. Patarkatsishvili's estate or in any other representative capacity unless and until a court of competent of jurisdiction finds to the contrary; or

        (c)    the "Power of Attorney" attached hereto as Exhibit A is valid notwithstanding Mr. Patarkatsishvili's death and permits Defendant Zeltser to act or speak on behalf of Mr. Patarkatsishvili or his estate;

*[handwritten: It is hereby ordere]*

(ii) [struck through] Pursuant to Rules 26, 34(b)(2)(A) and 57 of the Federal Rules of Civil Procedure, ~~granting expedited discovery as follows:~~ *[handwritten: that]*

        a.    Defendants shall produce for inspection at the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 by 3 p.m. on *May 1*, 2008, the original, signed copies of the following documents:

            (a)    the Power of Attorney from Badri Patarkatsishvili to Emanuel E. Zeltser, Esq., notarized on December 14, 2006;

            (b)    The "Deed of Appointment of Executor" of the estate of Badri Patarkatsishvili allegedly executed on November 14, 2007;

            (c)    The "Letter of Wishes" by Badri Patarkatsishvili allegedly executed on November 14, 2007;

            (d)    Any other document that Defendants claim is a last will and testament of Badri Patarkatsishvili or the functional equivalent thereof;

            (e)    Any other document that Defendants believe gives either of them an interest in or the right to act or speak on behalf of Mr. Patarkatsishvili or his estate; and

   (f) Any document that Defendants believe gives either of them the authority to act with respect to assets which were owned, either directly, indirectly, or partially by Mr. Patarkatsishvili. and

 b. Plaintiffs may have those documents inspected and tested by forensic document experts so long as the testing process does not destroy or materially alter the documents, and they shall remain available for physical inspection for the time reasonably required to complete such inspection and testing.

 c. Defendants shall produce for inspection and copying at the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022 by 3 p.m. on _____, 2008 the documents requested in Plaintiffs' First Request for Production of Documents directed to each defendant, dated April 21, 2008, and attached to the Cowan Declaration as Exhibits O and P.

 d. Plaintiffs shall serve any Requests for Admission and Interrogatories on Defendant Kay by 3 p.m. on _____, 2008.

 e. Defendant Kay shall serve any responses to the Requests for Admission and Interrogatories on Plaintiffs by 3 p.m. on _____, 2008.

 f. Pursuant to the Notice of Deposition attached to the Cowan Declaration as Exhibit Q, Defendant Kay shall appear for his deposition at the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, on _____, 2008 at 9:00 a.m.

(iii) Pursuant to Rule 57 of the Federal Rules of Civil Procedure, setting a schedule for submitting a motion for partial summary judgment, and any opposition thereto, on the issue of whether, as a matter of law, the Power of Attorney, notarized on December 14, 2006, became ineffective upon the death of Mr. Patarkatsishvili, specifically:

 a. The motion for partial summary judgment and supporting memorandum of law shall be served by overnight courier or by hand on Defendants or their counsel and electronically filed with this Court so as to be received on or before ___ ___ .m. on _____, 2008;

3

22717381v1

~~b.  Any opposition to the motion shall be electronically filed with this Court so as to be received on or before ____ __.m on _____, 2008;~~

~~c.  Any reply in further support of the motion shall be shall be served by overnight courier or by hand on Defendants or their counsel and electronically filed with this Court so as to be received on or before ____.m. on _____, 2008.~~ *JGP*

IT IS FURTHER ORDERED that, sufficient cause having been shown, service by overnight courier of this Order, together with the papers upon which it was granted, shall be good and sufficient if delivered to the residences of Defendants or to their attorneys on or before 5:00 p.m. on April 22, 2008. *although counsel agreed to serve Mr. Little on April 21 by hand, fax or email;*

IT IS FURTHER ORDERED that any papers in opposition to this order to show cause shall be electronically filed with this Court so as to be received on or before 5:00 p.m on May 2, 2008, ~~and any reply papers shall be served by overnight courier or by hand on Defendants or their counsel and electronically filed with this Court so as to be received on or before 5:00 p.m. on May 2, 2008.~~ *Mr. Little reserves all arguments as to jurisdiction, service and venue.*

*and reply papers, if any, shall be filed no later than noon on May 7. Courtesy copies shall be delivered to chambers at the same time as filing.*

Dated: New York, New York
April 21, 2008

Issued: 3:00 p.m

_____
Loretta A. Preska (Part I)
Hon. Richard Sullivan
United States District Judge

4

22717381v1