UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

INNA GUDAVADZE, LIANA ZHMOTOVA and
IYA PATARKATSISHVILI,

        Plaintiffs,

v.

JOSEPH KAY (A/K/A JOSEPH
KAKALASHVILI, A/K/A JOSEPH KEJ, A/K/A
ISOBEB KAKALASHVILI, A/K/A IOSEB
KAKIASHVILI), and EMANUEL ZELTSER,

        Defendants.

------------------------------------X

08-CV-03363 (RJS)

**STIPULATION AND ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08

    WHEREAS, Plaintiffs filed their Complaint in this action on April 4, 2008;

    WHEREAS, the Court, upon Plaintiffs' application, entered an Order to Show Cause in this action on April 21, 2008, setting a hearing on Plaintiffs' motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, and directing certain other relief (the "April 21 Order"); and

    WHEREAS, Plaintiffs and Defendant Joseph Kay ("Defendant Kay") wish to avoid the burden, cost and uncertainty of further litigation with respect to the April 21 Order, without prejudice to either party's rights, defenses, objections or arguments with respect to further proceedings in this action and the matters alleged in the Complaint, or with respect to proceedings in any other courts, administrative proceedings and/or judicial bodies of any nature.

NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED, by and between the Plaintiffs and Defendant Kay, by their respective counsel, as follows:

(1) During the pendency of this action, or unless and until the Court determines otherwise, Defendant Kay agrees hereafter not to claim to third parties or publicly that:

    (a) he or Defendant Emanuel Zeltser is authorized to act or speak on behalf of the estate of Arkady (Badri) Patarkatsishvili, unless and until a court of competent jurisdiction finds to the contrary;

    (b) the "Deed of Appointment of Executor" allegedly executed on November 14, 2007; the "Letter of Wishes" allegedly executed on November 14, 2007; or any other document empowers Defendant Kay to act as the executor of Mr. Patarkatsishvili's estate or in any other representative capacity, unless and until a court of competent of jurisdiction finds to the contrary; or

    (c) the "Power of Attorney" attached hereto as Exhibit A is valid notwithstanding Mr. Patarkatsishvili's death and permits Defendant Zeltser to act or speak on behalf of Mr. Patarkatsishvili or his estate, unless and until a court of competent jurisdiction finds to the contrary.

(2) Nothing set forth in this stipulation shall be deemed to preclude, prohibit or bar Defendant Kay, in any manner, from making application to any court of competent jurisdiction or any administrative body responsible for overseeing the administration of estates for a determination with respect to any of the matters set forth in Paragraph (1) above; or from asserting such matters in any court of competent jurisdiction, or an administrative body responsible for overseeing the administration of estates, or in any pending legal proceeding or in defense of any claims against him;

(3) At the request of Defendant Kay, Defendant Kay's time to answer, move or otherwise respond to the Complaint is extended to and including June 11, 2008;

(4) This stipulation, its entry by "so ordering" and the consent thereto, and its terms and provisions shall not waive or compromise, or be deemed to waive or compromise, any rights, defenses, objections or arguments that Defendant Kay may have in this action, including but not limited to jurisdiction, service of process and venue, or in any other proceeding, all of which are expressly preserved; and Plaintiffs agree not to assert any such waiver or compromise in this action or in any other proceeding; provided however, that Defendant Kay expressly consents to the jurisdiction of this Court for the limited purpose only of enforcing the terms of this stipulation;

(5) In the event that a judgment or order is entered dismissing this action against Defendant Kay, this stipulation shall be null and void;

(6) This stipulation, and its terms and provisions, shall not be, and shall not be deemed to be, an admission or acknowledgement of any wrongdoing, impropriety or liability of Defendant Kay in connection with this action or any other proceeding, or for any other purpose;

(7) Plaintiffs or Defendant Kay each shall be entitled to move before the Court to modify or vacate this stipulation as such party believes the circumstances may warrant; and

(8) Plaintiffs and Defendant Kay each consent to the "so ordering" of this stipulation by the Court.

Dated: New York, New York
       May 2, 2008

DEBEVOISE & PLIMPTON LLP

By: _____
Christopher K. Tahbaz
Jennifer R. Cowan

919 Third Avenue
New York, New York 10022
Tel. (212) 909-6000

*Attorneys for Plaintiffs*

STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

By: _____
Scott M. Himes
Erik M. Zissu

425 Park Avenue
New York, New York 10022
Tel. (212) 223-0200

and

Price O. Gielen
Nathan D. Adler
NEUBERGER, QUINN, GIELEN,
   RUBIN & GIBBER, P.A.
One South Street, 27th Floor
Baltimore, MD 21202
(410) 332-8550

*Attorneys for Defendant Joseph Kay*

SO ORDERED:

_____
U.S.D.J.

Dated: __May 5__, 2008