UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/08

INNA GUDAVADZE, LIANA ZHMOTOVA, and IYA PATARKATSISHVILI,

                Plaintiffs,

-v-

JOSEPH KAY (A/K/A JOSEPH KAKALASHVILI, A/K/A JOSEPH KEJ, A/K/A IOSEB KAKALASHVILI, A/K/A IOSEB KAKIASHVILI) AND EMANUEL ZELTSER

                Defendants.

No. 08 Civ. 3363 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    At the conference held before the Court on May 8, 2008, the Court adopted the following directives:

    Plaintiffs' application for a preliminary injunction against defendant Joseph Kay has been resolved by stipulation. Plaintiffs have withdrawn their application for a preliminary injunction against defendant Emanuel Zeltser.

    Defendant Zeltser's cross-motion to dismiss the complaint on the basis of insufficient service of process and lack of personal jurisdiction is hereby DENIED without prejudice to renewal. The Court finds, for the reasons set forth on the record, that plaintiffs have established, on the basis of the record before the Court at this time, that the methods of service adopted by plaintiffs in regard to defendant Zeltser — namely, delivering the summons and complaint to Zeltser's residence by leaving a copy with the doorman and mailing a second copy to the residence — complied with Rule 4(e) of the Federal Rules of Civil Procedure as well as § 308(2) of New York's Civil Practice Law and Rules. Moreover, the Court finds that such service constituted "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," and was "not substantially less likely to bring home notice than other of the feasible and customary substitutes." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *see Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995) ("There is 'no rigid formula as to the kind of notice that must be given; notice required will vary with circumstances and conditions.'") (quoting *Walker v. City of Hutchinson*, 352 U.S. 112, 115 (1956)).

Defendant Zeltser may renew his motion to dismiss on the grounds of insufficient service and lack of jurisdiction by submitting a letter within two weeks of the date of this Order. The letter must set forth legal authority in support of Zeltser's renewed motion, requests, if any, to conduct discovery regarding the service issue, and specified reasons why such discovery would be necessary and/or helpful in resolving defendant's renewed motion to dismiss.

Defendant Zeltser's counsel shall, to the fullest extent feasible, notify Zeltser through his Belarussian counsel of the pendency and substance of this action. Defense counsel shall submit a letter within two weeks of the date of this Order regarding the status of his efforts, if any, to provide such notice.

Defendants shall continue to make reasonably diligent and energetic attempts to comply with the directive in the Order to Show Cause dated April 21, 2008 regarding the production of certain documents to the offices of plaintiffs' counsel.

Plaintiffs shall proceed forthwith to serve process on defendant Zeltser through methods of service authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Fed. R. Civ. P. 4(f)(1). Plaintiffs shall provide a letter regarding the status of their efforts to do so within two weeks of the date of this Order.

The Clerk of the Court is respectfully requested to terminate the motion docketed as document number 15.

SO ORDERED.

DATED:   New York, New York
         May __8__, 2008

                                        _____
                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE