ELECTRONICALLY FILED

Christopher K. Tahbaz
Jennifer R. Cowan
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
Tel. (212) 909-6000
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
INNA GUDAVADZE, LIANA ZHMOTOVA and IYA
PATARKATSISHVILI,

                              Plaintiffs,

v.                                                        08-Civ-3363 (RJS)

JOSEPH KAY (A/K/A JOSEPH KAKALASHVILI,
A/K/A JOSEPH KEJ, A/K/A IOSEB KAKALASHVILI,
A/K/A IOSEB KAKIASHVILI) AND EMANUEL
ZELTSER,

                              Defendants.
------------------------------------------------------------------------

**DECLARATION OF MICHELLE DUNCAN DATED MAY 14, 2008**

MICHELLE DUNCAN hereby declares, pursuant to 28 U.S.C. § 1746, the following to be true and correct.

1. I make this declaration in support of the action filed by the wife and daughters of Badri Patarkatsishvili against Joseph Kay and Emanuel Zeltser.

2. I am a litigation partner with the law firm of Cadwalader Wickersham & Taft LLP, resident in the firm's London office. My business address is 265 Strand, London, WC2R 1BH.

3. I represented Inna Gudavadze from mid-February until 7 March 2008 in connection with issues related to the estate of Badri Patarkatsishvili.[1]

4. On 19 February 2008, during the period in which I represented Mrs. Gudavadze, I filed a complaint with the Metropolitan Police Service in London about actions taken by Mr. Zeltser and Mr. Kay in England that I believed constituted fraud. I, together with Michael Lindley, a partner with the law firm of Streathers, 128 Wigmore Street, London, made the complaint at the Marylebone police station; the crime reference number for that report is 5801 883/08. I had initially called the investigators at the Metropolitan Police Service Major Crimes Unit who were investigating Mr. Patarkatsishvili's death and related to them my concerns about the actions of Mr. Zeltser and Mr. Kay. The investigators then called me back, said that their investigation only encompassed Mr. Patarkatsishvili's death, and directed me to file a report at the police

---

[1] I represented only Mrs. Gudavadze, not the other plaintiffs in this action.

station for the locations where the events occurred. For that reason, I went to Marylebone police station, in person, and filed the complaint described above.

5. On 3 March 2008, during the period in which I represented Mrs. Gudavadze, I sent the letter to the Belarusian Prosecutor General which was attached as Exhibit B to my declaration dated 19 April 2008, which has already been submitted in this action.

6. That letter was the only contact I had with the Belarusian authorities during the period in which I represented Mrs. Gudavadze.

7. After 7 March, as I was no longer representing Mrs. Gudavadze, I did not act at her direction or request. I also did not act at the direction or request of her new counsel, Debevoise & Plimpton LLP ("Debevoise").

8. On 13 March, during a discussion of matters relating to Mr. Patarkatsishvili's estate, I advised Mrs. Gudavadze's attorneys at Debevoise that I had sent a letter to the Belarusian Prosecutor General describing the activities of Mr. Zeltser and Joseph Kay, and notifying the prosecutor of the possibility that either or both of these individuals might travel to Belarus. I do not believe that Debevoise was aware of my 3 March letter before this time.

9. On 14 March, I learned that Mr. Zeltser had been arrested on 12 March and informed Mrs. Gudavadze's attorneys at Debevoise of Mr. Zeltser's arrest. I do not believe that the attorneys at Debevoise were aware of Mr. Zeltser's arrest before this time. Either on 13 March or 14 March, I also gave Debevoise a copy of my 3 March

letter to the Belarusian Prosecutor General. I do not believe that the attorneys at Debevoise had seen my 3 March letter before I gave it to them.

10. I initially traveled to Belarus on 15 March to meet with the Belarusian authorities and share with them the facts that I knew which were relevant to their criminal investigation of Mr. Zeltser. However, the meeting was very brief as there was no suitable translator available at that time, so I returned to Belarus and met with the Belarusian authorities on 20-21 March. (Although the attorneys at Debevoise apparently believed that I was meeting with a member of the Prosecutor General's office on 19 March, as indicated in Debevoise's letter of the same date, my meetings actually occurred on 20-21 March). During those meetings, I was not acting at the direction or request of Mrs. Gudavadze or her attorneys at Debevoise nor, as I have explained above, was I representing Mrs. Gudavadze at that time.

11. I understand that Harold Hoffman, the attorney representing Mr. Zeltser in this action, has sought permission to take my deposition. My professional and ethical obligations as a solicitor require that I do not disclose confidential communications with my clients. Consistent with those professional and ethical obligations, if deposed, I will decline to answer any question about my private conversations with Mrs. Gudavadze

3

while she was my client, and will I not answer any question if I believe that my answer would intrude upon the attorney work product privilege or the attorney-client privilege of any of my clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 14 May 2008 in London, England.

_____
Michelle Duncan

4