HAROLD M. HOFFMAN
ATTORNEY AND COUNSELOR AT LAW

1140 AVENUE OF THE AMERICAS          Tel  + 1 212 486 6322
SUITE M-01                           Fax  + 1 212 980 8748
NEW YORK, NEW YORK 10036-5803        hoffman.esq@verizon.net

Member:  New York & New Jersey Bars

May 21, 2008

Hon. Richard J. Sullivan, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 615
New York, NY 10007

Re:     *INNA GUDAVADZE, et al. v. JOSEPH KAY and EMANUEL ZELTSER*
        *08 Civ 3363 (RJS)*

Honorable Judge Sullivan:

Again, we write to provide the Court with new evidence pertinent to Mr. Zeltser's motion for
discovery and to dismiss.  The evidence was today received from counsel for defendant Joseph
Kay, and consists of:

■  Decision (with English translation) of court of Tbilisi, Georgia, dated May 14, 2008,
appointing Joseph Kay executor of the estate of Arkady Patarkatsishvili and prohibiting the
plaintiff Gudavadze from taking any legal or other action with respect to the estate.

■  "Execution Paper" of the said court in Tbilisi, Georgia, also dated May 14, 2008,
memorializing the aforesaid decisions (with English translation).

In addition, and to counter the reckless assertions today made by plaintiffs' counsel Jennifer
Cowan, in her letter to Court, to the effect that we have provided no "evidence" that Mr. Zeltser
was coerced into calling defendant Joseph Kay in an effort to lure him to Belarus, we attach the
transcript (translated into English) of four telephone calls placed in sequence to Mr. Kay within a
brief period on March 13, 2008. Defendant Kay recorded these calls from Mr. Zeltser [whom he
refers to as "Emik," the Russian nickname for "Emanuel"] and today provided us with four (4)
electronic audio files of these recordings. Because the telephonic conversations between Mr.
Zeltser and Mr. Kay were all in Russian, we are not providing the electronic files at this time.
They will, of course, be held by the undersigned subject to instruction of this Court.

NEW JERSEY OFFICE     75 GRAND AVENUE        ENGLEWOOD, NJ 07631      201 569 0086

FLORIDA OFFICE        909 N. MIAMI BEACH BLVD    MIAMI, FL 33162      305 653 5555

I will not editorialize on the calls. The attached transcript speaks for itself. I will also, for now, let Ms. Cowan's protestations of innocence go unanswered. This, because the attached transcript is far more eloquent evidence of the fact that those in Belarus act at the instance of plaintiffs and their co-conspirators. The only ones who stood to benefit from elimination of the defendants were the plaintiffs and those acting with them. With the defendants out of the picture, plaintiffs stood to gain billions – more than enough money to enlist necessary outside help. Sadly for them, and as shown by the attached transcript, Mr. Kay was not lured to his demise. Instead, the Tbilisi court, consistent with this Court's May 5 stipulation and order ["unless a court of competent jurisdiction finds to the contrary'"] has credited Joseph Kay's claims and appointed him executor of the Patarkatsishvili estate and enjoined plaintiff Gudavadze from taking action with respect to the estate. In its decision, the Tbilisi court goes so far as to cast doubt, based on documentary evidence, on plaintiff Gudavadze's claim (in this Court) that she was Mr. Patarkatsishvili's wife at the time of his death. These claims, of course, will ultimately be resolved in that jurisdiction. Here, we are left solely with plaintiffs' criminality in bringing this action, securing injunctive relief under false pretenses, procuring Mr. Zeltser's continued detention in Belarus, and attempting likewise with respect to Mr. Kay.

We once again respectfully ask the Court to grant our application to compel the depositions of Goldsmith and Duncan. No one denies that they are material fact witnesses in this case. Ms. Cowan, in her letter of today, repeatedly admits Ms. Duncan's intimate involvement with the Belarus KGB and Mr. Zeltser's tormentor, Vorobyov. She makes no mention, of course, of the fact that Duncan was plaintiffs' attorney of record on March 3 when the plot was initiated with the Belarus authorities. We note with disgust plaintiffs' awareness that Vorobyov has spent the last week in London. No one advised us or the U.S. State Department of this fact which might have allowed for efforts to secure his detention for violation of international law. Instead, he has pleasantly spent the week there awaiting a meeting with Goldsmith and providing assurance that Mr. Zeltser is just fine and dandy in Minsk. This in the face of impartial, eyewitness testimony that after two months in KGB prison his physical health has deteriorated to the point that his hands and body shake even when he is at rest.

We thank the Court for considering this letter and attached documentary evidence.

Respectfully yours,

/s/
Harold M. Hoffman

Attachments: 1. Transcript of translated telephone calls; 2. Decision of Tbilisi court; 3. "Execution Paper" of Tbilisi court

cc: All Counsel

# Exhibit 1

**Transcription from Russian and translation from Russian to English of March 13, 2008 telephone conversations between Joseph Kay ("JK") and Emanuel Zeltser ("EZ").**

**Notes: EZ called JK and they spoke Russian.  All 4 occurred within about 2 hours on 3/13/08 around noon. EZ sounded very slow, in a strange voice.**


**Conversation #1**

JK: Yes-yes, Emik, I am listening to you.

EZ: OK, now I am telling you that it is necessary that you get all your things within an hour and come here.

JK: Wait, where am I supposed to come, and why?

EZ: To bring the documents.

JK: What documents?

EZ: Well, we have to discuss the documents, also about some new opportunities.

JK: Wait, before we will discuss the new opportunities I would have to see you, and not in that country, OK? Otherwise, I would not go anywhere. And also I need that we have a good connection established.

EZ: OK, I will call you back.

JK: Because I am very suspicious of the fact that you disappeared for 20 hours.

EZ: It is OK, it is OK, there is no good connection when you go to…

JK: Emik, listen, you have disappeared, Motkin disappeared, Vlada disappeared, where are you all?

EZ: Ok, I cannot speak right now, I will call back.

JK: Emik, if you don't call me within an hour, I would have to call the US Embassy,  the British Embassy.

EZ: I understood everything, understood everything, all is OK, I will call you back, I have to run now.

JK: Where do you have to run?

EZ: To call you back.

JK: Are they going to kill you or what? Hello? Hello?


**Conversation #2**

JK:  Hello, yes, Emik, yes.

EZ: Yes, the connection is bad.

JK: I understand that the connection is bad, Emik, I understand you are held hostage, that is what I understand.

EZ: Yes, the matter is, the people say that you have set up Boris [Berezovsky].

JK: Who says that I have set up Boris?

EZ: They say you have set up Boris. It is very important – you set him up by not having come here and as a result you would have some obligations.

JK: I cannot hear you, say it once more, I did not understand anything.

EZ: And as a result you would have some obligations.

JK: I do not understand, say it again – it is very important that I come or not come?


**Conversation #3**

1

JK: Hello.

EZ: Joseph?

JK: Yes, Emik, yes

EZ:  The situation is such that there are many other documents here, the situation is difficult that is why you personally must come here because if you do not come you set up Boris, this is the situation we have here.

JK: OK, first of all I cannot come because I do not have a visa, OK?

EZ: OK.

JK: So, first I do not have a visa. Second, they recalled the US ambassador…

EZ: Can't you get a visa at the airport?

JK: I do not know. Besides, I am not going anywhere unless I know that you can meet with me, for example, in London, or in Europe, in any country, I do not care which one. And then I can see you, talk to you – afterwards I can go, no questions about it.

EZ: Well, there is no time now.

JK: Listen, Emanuel, I was against that you would go so suddenly – however, you did not listen to me, you went anyway. You are the boss, I cannot order you, you agreed with Boris, he explained to you why you should go, I do not know, I was not present there, OK?

EZ: OK.

JK: That is why now, in order for me to go anywhere, I should understand where and why I should go, someone must explain it to me.

EZ: I am explaining to you that now there is a new situation, new documents and as a result you have to decide…

JK: What should I decide?

EZ: You should decide, because of the new situation, new documents, otherwise you would set me up.

JK: Hold on, how come can I set you up? In what? Or how come I set up Boris?

EZ: Because you do not come here.

JK: Wait, what does it mean that I did not come? I can come only if I understand why I am coming, otherwise I would not go. Do you understand what you are telling me? Come here, only I cannot explain you why.

EZ:  Wait, I will call you back, the reception is very bad.

JK: If the reception is very bad – go and find a place where the reception is good and you can talk to me and explain me everything. I am not going to go anywhere this way, Emik.

EZ: OK, I will call back, in a minute.

JK: Hold on, explain to me – you cannot leave in order to talk to me? Are you held in captivity, I do not understand what is going on.

**Conversation #4**

JK: Yes, yes, Emik.

EZ: OK, the problem is that I am not authorized to decide upon all the issues.

JK: OK, listen, if you are not authorized to decide all the issues..

EZ: Yes, yes.

JK: What are they telling you, I did not get it?

EZ:  They are telling me that I am not authorized to decide the issues and issues are to be decided by an authorized person.

JK: And who is the authorized person?

EZ: You are the authorized person.

JK: I see, I am the authorized person. What issues should I talk about?

EZ: On some other projects.

JK: And what are the other projects, can you tell me, name them please.

EZ: Some various projects that are relating to this very project.

JK: To which project? Emik, you should not talk to me in such a disguised way, say it straight.

EZ: The issues relating - the idea is that – well, I am not aware that, I am not authorized, there is no time, well, there are some specifics…

JK: OK, let me get it straight. You are a lawyer, and I think you do not perform your job properly and I have to speak directly to the principal, OK? Principal, as I understand it, is Boris, is it so?

EZ: The principal is Joseph Kay.

JK: Wait, from the other side the principal is who, Boris?

EZ: Boris.

JK: I want to speak with him, why should I speak with someone through you?

EZ: Well, the point is, such a situation, there is no time at all…

JK: I speak with Boris, and speak with him in order to exclude you from the negotiations, I do not need you in these negotiations.

EZ: Well, and what is next?

JK: Next is what needed that you leave that country, I will speak to Boris myself, I will go to him and speak to him. But I will go and speak to him only if they let you go and you will leave. Otherwise I would not go to him.

EZ: Hold on, I just stepped out. Ok, I think, that what is needed is your arrival here because it is considered that it is disrespectful if you do not come here.

JK: OK, I respect everyone. But first of all I respect myself. So, guys, let's not talk about respect or disrespect, let's call a spade a spade. If it is necessary that I would negotiate with someone – I am ready but they must let you leave, Emik. If not – I am tied up, I will not make a step unless I see you free. That's it. OK, I am not informing any organization if they want to talk to me – but as soon as I see that they do not want to negotiate – I will inform them.

EZ: Are you ready to come here?

JK: I am ready to come if you leave that country and I meet you in London, for example, OK, and then I would come, no questions about it.

EZ: OK, then I will talk it over here and call you back, OK?

JK: OK, but I must see you in London before I fly there. Is it understood?

EZ: OK, let me just talk it over, in a minute..

JK: OK, bye.

# Exhibit 2

ხ.ქ№ №2/1597-08



# განჩინება

## საქართველოს სახელით

თბილისი                                                                  14 მაისი 2008წ.

თბილისის საქალაქო სასამართლოს სამოქალაქო საქმეთა კოლეგია

მოსამართლე დიანა ბერეკაშვილი

განმცხადებელი: ჯოზეფ კეი;
წარმომადგენელი: ქეთევან ქვარცხავა;

მოწ. მხარეები: ინა გუდავაძე ია პატარკაციშვილი; დიანა ქმიტოვა

დავის საგანი: სარჩელის უზრუნველყოფის ღონისძიება

ზეპირი მოსმენის გარეშე ერთპიროვნულად განიხილა ჯოზეფ კეის განცხადება
სარჩელის უზრუნველყოფის ღონისძიების გამოყენების თაობაზე.

### გ ა მ ო რ კ ვ ი ა :

2008 წლის 07 მაისს თბილისის საქალაქო სასამართლოს სამოქალაქო
საქმეთა კოლეგიას სარჩელით მიმართა ჯოზეფ კეიმ და მოპასუხე ინა გუდავაძის
მიმართ და მითითდა სასკვიდრის მშარჯუდლად აღიარება.

2008 წლის 14 მაისს ჯოზეფ კეის წარმომადგენელმა ქეთევან ქვარცხავამ
განცხადებით მიმართა თბილისის საქალაქო სასამართლოს სამოქალაქო საქმეთა
კოლეგიას და აღნიშნა, რომ ამიერიდან სარჩელის დაუშვებრად, ხადგ
მოპასუხეებად ჩართული იქნებიან ახეემ მქკვედრჩები ია პატარკაციშვილი, დიანა
ქმიტოვა და ოლდა საუცინაჯი, როომლეცი გათიდიდლისწინებს მოსარჩელისათვის
მისი უფლებების და კანელდეფულების განხორციელებისას ხელშემწყ̇ლის
აქრძალ̇ებას, ხოლო მოპასუხეზ ოლტა საუცინაჯი ჩართული იქნება აღიარებითი
სარჩელის ნაწილში.

განმცხადებლის განმარტებით, მოპასუხე ი. გუდავაძე შეიძლების
გამოაყენებით ცდილობს მოიაპოვოს კონტროლი და ჯუეტორების უფლება არჟადი
პატარკაციშვილის სამკვიდრო ქონებაზ̇ა, ____ ___ რაც̇ ხხ̇ა მქკვეიდრ̇ა უ̇ფლ̇ებ̇ები
და სამკვედრო მშარჯუდლის და _____ საჩ̇ს̇რუ̇ლდგდ̇ლ̇ის ნება არ არის
გათვალისწინებული. არჟადი პატ̇_____ _____ ნ̇ი გარდ̇ა̇ც̇ვ̇ლ̇ა̇დ̇ამ̇დ̇, 2008
წ̇ლ̇ის 14 ̇თ̇ე̇ბ̇ერვ̇ალ̇ს შეი̇ა̇გ̇ა̇ნ̇ი̇დ̇ე̇ს _____ _____ ნ̇ის წ̇ერ̇ილ̇ით" თ̇ანა̇ხ̇მ̇ად
მ̇ოსა̇რ̇ჩელ̇ეს და მ̇ის კ̇ომ̇___ _____ ნ̇ე̇ხ̇ო̇რ̇ც̇იე̇ბ̇ინ̇ა ბ̇ა̇ღ̇რ̇ი

პარტიაციაშეფლის პირდაპირ და არაპირდაპირ მხელობელობასა და საკურორებაში არსებული კონვნის მართავა, ჟლობია და განცკარცკა, ხოლო მისი გარდაცვალების შემთხვევაში - კოლონის გაცოდდ კურთი გასტერგების ან აუქცკიონის გჩით. ამავე დროს კიმპანიას ყველა დდლის, გადახახადის და ხარჯების გადახდის შემდდ უნდა გაიწნაწცდლების ამცკარი კონკგნა ბადრი პატარაკაციფენლის კონრედდლეცითუფრი მათიითენების შესაბარისად. 2008 წლის 14 ნოემბრს შდდგიფრული აქცის კონკონის აამხონულეტდელი მხარიცექლას ღანიშინის შესახეფ" ღლისფდ კი დანიიშლეტდა არკადა ბადრი პატარაკაციშეფლის მიენ მისი საქკედდლის მხართეცლეად. მიარიფდდ აცნით მიოკახუხდის გარდაცვალდლის სურელ მესახფდ, ხოლო აცდაცკატე უმხრედ მიელცკერა გააცდი ოცაბხ ბადრი პატარაკაციშეფლის ეკლებასკნდდ ჩნდ.

მიპართდდად აცნიშნდ, რიმ ბადრი პატარაკაციფენლის სამკედდო შდდგებ კონბგისტგან, რიმელცი წარმიადდ დნს წცდბ მიოცეწლოცდ ხხდგადაბდა ქცაგენახში არსებელ საწარმიორებში და უდრცი კონაცდ. რომელთაგან ნაწილი მართვის უფლებით, ტრასცის ან ხხცა გჩით ართიხ გადაცკქემელ ხხცა პირდებითხონის. სამკედდის მხართგდლ უნდა შფცკრია აცნიშნელი კონკცა, თუ ხაჩორო ხალცლიცდ მიოგლოცდ ან მისი ნაწილი გაცდდა პირდაცირი მიდდდ ან საცკად აუქკოონის გჩით, ხოლო დანშრნიდლ თანხა გაცებცწოცგდნა შემკდცდრებისათვის. მიპარტდდ ან წარმიოდდქდნს ბადრი პატარაკაციფენლის მემკედ ქდდ და მისი მისცახი არ არის სამკდდოორ ნაწილის ან საცრებხის მიცდა, არცამდა მისცაგნია გარდაცვალდლის ეკკნატცდ ჩნნი შფრცერეგდ დდავლდის შინაარხიდდ გამიმდდდკრდ და სამკდდორი ქცდა.

განცკხადდლის განცხარგდ, 1994 წლის 12 მართხ შდ და შემნარხმი ბ. პატარაკაციფენლისა და ირა გუდდაცდქ შიდ, რომელთატცა მხარტდდი მათ კორდწნტდდ ფირმხაცლირად ალკახიდდდ. აცნიშნუდა ღოკკდდტის მე5 პუნქტდდ თანახმად არკადა პატარაკაციფდლდს და ირა გუდდაცდქ დამიოუქიოდდ აცდცდ პახუდთ თავდ დალდდბლდდლდჩპხ, რომელხცდ ხდმშკმხულდდპხა ხდმდცცრრი შემდდ, ეცოხრდგდ. ამ ღოკკდდტის შინაარხიდდ გამიმდდდკრდ მიპარდდ თდდლდ, რიმ შფხაცდო მამკედდდs გაცდცცკddლდ მიმტქიცხათდ აცმნიშცნი წდდდდ ოცddცცალურად იცო განკისცდდ, რომდლხცა შფხხდდც გადხდწცკდც მნიშდდდლობა შფდდდდ ქოცdchდ სამკddდოს გაცცდიხს. თუ მიპახუხdდი მიmცცdდ თავდ ან გადცდცddდ ხდdობხდdდdდ მცხახ პირh სამკddდdდ კონdddddდ ნაწდდdდ, მამკddდddდდდdდ ჩდდ ამდdd ცdდცხdddდ დდdncდdd, ხdd მdddddდdddddd ფdddddd, ხოddd ddგდdddd ddddddddd, ხდddddd ddddddddddd შდdddddddddddddდ ki cdd ddddddd dddd cdddddd კდ ddddddddd.

ზდdddddddddddddd gდddddddddd dddddddddd ddddd:

1. დდდდdddddd ddddddddd: ddd ddddddd, ddd pდddddddდდ dd ddddd ddddddd dd ddddddddddddd ddddddddd dddd dddddddddddd dddddddddddd dddddd dd/dd dddddddd dddddddddddddd ddddddddddd dddddddddd dddddddddd ddddddddddd dddddddddddddd dddddd.

2. მეჩიტის მოსარჩელე ჯოჯევე კკიბ უფლება – განახორციელოს ნებისმიერი მოქმედება, რაიცა აუცილებლად ჩათვლის არ კადა (ბაღდრი) პატრიკაციშეებით საქვიდენორს შეკრების და მიუდისთიოდ, ისევე როგორიც მისი ან მისი ნაწილის რეალიზაციითოდ, თუ ახალი რელიზაცია აუცილებლად ჩათვლება შეკჟადრემია მაჩერიალური ინტერესებიდან გამოშდდინარე, ხოლო მისი რელიზაციით ამონაგები თანხები მთავრისთვის სასამართლოს ხადვებიზე ანგარიშზე დაცან დაირელებმედა.

სასამართლოს    განიხილა რა წარმოდგინილი განახადება საქართველოს სამოქალაქო საპროცესო კოდექსის 191-ე – 199-ე მუხლები შესაბამისად, მიიჩნია, რომ განცხადება სარჩელის უზრუნველყოფის ღონისხიების გამოყენების თაობაზე საფუძვლიანა და იგი უნდა დაკმაყოფილდეს შემდეგ გარემოებათა გამო:

სარჩელის    უზრუნველყოფის მიზანია სასამართლო გადაწყვეტილების აღსრულების უზრუნველყოფა. ეს მიზანი ჩაოდიდდა გამოკვეთოლია საქართველოს სამოქალაქო საპროცესო კოდექსის 191-ე მუხლში, რომელიც თანახმად სარჩელის უზრუნველყოფა დაიშვება, თუ უზრუნველყოფის ღონისხიების გამოუყენებლობა გაამხდრებს ან შეუძლებელს გახდის გადაწყვეტილების აღსრულებას. ამდენად, სარჩელის უზრუნველყოფა ესაა სასამართლოს გადაწყვეტილების რეალურად აღსრულებისთავის მოსალოდნელი დაირკისების თავიდან აცილება მოვასხუხისთავის გარკვეული უფლებების შეზლედვით გხით და მისი მიზანია დაცული იქნას დავის საგანი მიმავალში გადაწყვეტილების აღსრულების უზრუნველყოფიათვითს. აქედან გამომდინარე სარჩელის უზრუნველყოფის ღონისხიების გამოყენება არ გულისხმობს სარჩელის წინაწარ გადაწყვეტას და მის დაკმაყოფილებას ამხდაომ განხილვიდამდი.

სამოქალაქო საპროცესო კოდექსის 192-ე მუხლის თანახმად მოსარჩელეს შეუძლია გადაუდდიდელ შემთხვევებში მიმართოს სასამართლოს განცხადებით სარჩელის აღდრამდე უზრუნველყოფის შესახებ. განცხადება უნდა შეიცავდეს მითითებას იმ გარემოებებზე, რომლედაც გამოიც უზრუნველყოფის ღონისხიებათა მიუდებლობა გაახფელდი ან შეუძლებელს გახდის გადაწყვეტილების აღსრულებას. იმ ფაქტობრივ გარემებებზი მითითება ვალდებულებდა, რომელებიც ადასხურებენ ვარაუდ სარჩელის უზრუნველყოფის კონკრეტული ღონისხიების გატარების აუცილებლობის შესახებ გეისრება განბიახადდებლ. საპოელერთ საკითხა იმის შესახებ, თუ უზრუნველყოფის რომელი ღონისხიება უნდა იქნეს გამოყენქინ̈მცული წყვებს სასამართლო მოთხოვნის ხასიათითა და მისი შინაარსიხოად გამომდინარე. განცხადებებ ვალდემბდა სარჩელის უზრუნველყოფის შესახებ განცხადებაში მიუთითოთ არა მარტო იმაზე, თუ უზრუნველყოფის რომელი ღონისხიების გატარება ჰერს არამედ იმაზეც თუ რაგომხა აუცილებელი მის მიერ მითითებული ღონისხიების გატარება. ამასთან განასასხებიხი ჰათდე და გაიაგებ̈და უნდა თითოებდდთდ იმ სასარჩელო მოთხოვნებს, რომლის აღდრაისაც ა̈... ̈მოსახების საწარააღმდდგოდ, რათა სასამართლოს მიი̈...̈ა̈ მოთხოვნთა შინაარსიხის და ხასიათოდ გამოთდდინარე ̈...̈ ̈...̈თა სარჩელი

უზრუნველყოფის კონკრეტული ღონისძიების გამოყენებას ან გამოყენებაზე უარის თქმის შესახებ.

საქართველოს სამოქალაქო საპროცესო კოდექსის 198-ე მუხლის პირველი ნაწილის თანახმად, სკკითხს იმის შესახებ, თუ სარჩელის უზრუნველყოფის რომელი ღონისძიება უნდა იქნეს გამოყენებული, წყვეტს სასამართლო. ამავე მუხლის მე-2 ნაწილში მოცემულია სარჩელის უზრუნველყოფის ღონისძიებათა სახეების ჩამონათვალი. კანონი არ აკუსტრიგებს, თუ რომელ კონკრეტულ შემთხვევაში რომელი ღონისძიება უნდა გამოიყენოს სასამართლომ. ეს საკითხი უნდა გადაწყვიტოს სასამართლომ იმის მიხედვით, თუ როგორია სასარჩელო მოთხოვნის ხასიათი და შინაარსი. მოცემულ შემთხვევაში, მოსარჩელეს მიერ აღძრულია აღიარებითი სარჩელი და დავის საგანია მოსარჩელის სამკვიდროს მმართველად აღიარება და მოვახსუხეთა მხრიდან ხელ შეშლის აღკვეთა. სასამართლოს მიაჩნია, რომ აღიარებითი სარჩელის შემთხვევაში ისევა შესაძლებელია უზრუნველყოფის ღონისძიების გამოყენება, როგორც მიკუთვნებითი სარჩელის არსებობისას, რადგან აღიარებითი სარჩელის დროს სამართალდარღვევათათ (ცერტარი გადადს ქანილია უფდებს და მხარე ითხოვს თავისი უფლების დაცვას, რათა მოსავებში არ დაირღვეს იგ. სამკვიდროს მმართველად დანიშვნის თაობაზე დავის დროსაც აღიარებითი სარჩელის დაკმაყოფილების შემთხვევაში; მხარე იცხენ გარკვეული მოქმედებების განხორციელების შესაძლებლობას, ამდენად სასამართლოს მიაჩნია, რომ მას აქვს პატივსაცემი მიზეზი, რომ სასამართლოს მოითხოვს სამომავალ მოქმედებების განხორციელების შესაძლებლობას უზრუნველყოფა.

მოსარჩელის მიერ აღძრული მოთხოვნა არის სამკვიდროს მმართველად აღიარება და მოპასუხეთა მხრიდან ხელშეშლის აღკვეთა. სარჩელის უზრუნველყოფის ხახი კი მოსარჩელე მოითხოვს: "დავ ეკავალეს მოპასუხეებს: იაი გუდავაძეს, იას ჩაქტარკაციშვილს და ლიაას ქმრელოვას არ განახორციელეთან არაკანონ იურიდიული ან/და ფაქტობრივი მოქმედება სამკვიდროს ან/ანი მისი ნაწილის საკუთრების, მფლობელობის ან სხვა უფლებით მიღებახთან ან ნებისმიერი სხვა პირისთვის გადაცემასთან დაკავშირებით. 2. მივნიყოთ მოსარჩლე გიოსხელ კვი უფლება - განახორციელოს ხუძისმ ცროი მოქმედება, რასაც აუცილებლად ჩათვლის არკადი (ბადრი) პატარკაცოშმელოხ სამკვიდროს შეკრობა და მოვლისათოო, ისევა როგორც მისი ან მისი ნაწილის რეალიზაციის ტვის, თუ ასეთი რეალიზაცია აუცილებელეად ჩათვდედს მეჯკვიდროთა მატერიალური ინტერესებიდან გამომდინარე, ხოლო მისი რეალიზაცით ამონაგები თანხები მოთავსოს სასამართლოს სადეპოზიტო ანგარიშზე დის დახტულებამდე." სასამართლოს მიაჩნია, რომ მოცემულ შემთხვევაში აღძრული აქ სარჩლის უზრუნველყოფისა და სარჩელთ აღძრული მოთხოვნას თანხვდრას და აღნიშნულთან დაკავშირებონა განმარტავს მემედეს: სარჩელის უზრუნველყოფა ისეთი დროებითი ღონისძიება, რომელიც მატერიალურ სამართრიოი უფლებების ჩამ აღდგენად ცებრვდა და ვეგადტურად დაცვას უზრუნველყოფა ემსახურება და სასამართლო მიერ სასარჩელო სამართალ სხელ სხელსყოს. თუ არსებობს დააჯ დააკ ტება ზვი მარ მოთხ სხელ ევ ღონისძიებათა მიუდებერია გაათელების ან შეეძებლოდა გააქველდილის

[seal]

აღსრულებას ხახამართლოს შეერდია გამოიყენოს უზრუნველყოფის ღონისძიება
იმ შემთხვევაში; თუ უზრუნველყოფის საგანი და ხარჩელის საგანი ემთხვევა
ერთმანეთს.

საქართველოს ხამოქალაქო საპროცესო კოდექსის 198-ე მუხლის მესამე
ნაწილის თანახმად ხახამართლოს შეერდია გამოიყენოს ხხვა ღონისძიებებიც, თუ
აუცილებელია ხარჩელის უზრუნველსაყოფად. აუცილებლობის შემთხვევაში
შეიძლება დაშვებულ იქნეს ხარჩელის უზრუნველყოფის რამდენიმე ხახ.
მოხარჩელე აღნიშნავს, რომ ხარჩელის დაკმაყოფილების შემთხვევაში
გადაწყვეტილებას აღსრულება შეერდებოდეს გახხდეს, რადგან ხამკიდრო ქონება
როცელიცუ მარაგას ხაქონრებს ამ პერიოდისათვის არ ადარ იარსებებს, ან
გახხვიდება და გაუფასურდება, აღნიშნელი გარემოებების გახხარების
თავლისახრისითაც ხახამართლომ უნდა გამოიყენოს ხარჩუნგელყოფის ღონისძიება,
რადგან ხამკიდრო ქასას არარსებობის შემთხვევაში ხამკიდრობის ამართველის
დინიშნების თაობაზე გადაწყვეტილების აღსრულება შეიძლებოდო იქნება, ანუ თუ
ხახამართლო გადაწყვეტილების კანრნიტერ ჰადამში შეიცდალი მომენტაისათთის არ
იარსება მოხარჩელის დაკმაყოფილების ხამკიდრილას, გადაწყვეტილება იქცევა
აღუსრულებელ გადაწყვეტილებად. ხახამართის მიაჩნია, რომ მარალადა
ხარჩელის მოთხოვნა არის ჯ. კვის ამართველად აღიარება, მაგრამ განსახილველ
დავის ხპეციფიკიდან გამომდინარე გადაწყვეტილების აღსრულების დამრცოლებად
მიაჩნელ უნდა იქნეს არა მხოლოდ ჯ. კვისათვის ხამკიდრობის ამართველის
ხტატუსის მინიჭება, არამედ ხამკიდრო ქასის დაცვა, რათა ხარჩელის
დაკმაყოფილების შემთხვევაში არსებობდეს ხამთავარი მომქმდებების
გარკონრცილტდილება შეხაცდლებლობა —— ხამართავი ხამკიდრო. გარდა ამისა,
ხამკიდრობის ამართის აუცილებლობა განპირობებელია არა მხოლოდ და
ხამკიდრობის დაცვის ხაჭიროობით (ქრნების დაცვა გახივების, დაკარგვის,
დაზიანებიბა, განადგურებრისაგან და ხხვა მსჯავსი ხემცშემებისაგან). უპიმველესი
მიხზაი ხამკიდრობის ამართის აუცილებლობისა არის ხამართლებრივი
ურთიერთობების უზკვებულის უზრუნველსაყოდა, ხამართლებრივი
ურთიერთობების მონაწილე კონტრაგენტრთა და მესამე პირთა კანრნიერი
ინტერესების და უზლებების დისაცვად. ხამკიდრობის ამართველს
უფლებამოსილია შეცვალოს ხმცვალის ამკიდრევბეჟოს, რაც მემკიდრეობის ინსტიტუტის
ეროურ ახაქტო, რომლადაც მიმართავს მიმართავს ხახართლებრივი
ურთიერთობებიდან გართცალტდილის გამო გამოლქლებელი პირთა მცვიცერი,
დაუფუნებული შეცვალინასაჟდ.

ხარჩელის უზრუნველყოფის ღონისძიების გამოყდებია შეხაბამისად, მოხარჩელე
ჯ. კვი ვალდებულია ხამკიდრობის მართებისათან დაკავშირებით მიცდებული თანხები
მოათავსოს ხახამართლოს ხადეპოზიტო ანგარიშზე. საქ. ვესტცინის სამინისტროს
უფალექლესი ხაბჯოს ხიჯორო ხახამართლების დერარტამენტის ანგარიშზე     ხს
„ბანკ რესპუბლიკა", ანგარიშში   №33050001, მფო- 220101757; ბანკის კოდი
204856263.

                     სარეზოლუცი...
ხახამართლომ იხელმძღვანელა  ...ს ხამოქალაქო საპროცესო
კოდექსის 191-ე – 199-ე, 284-ე, 285-ე მუხ...

დ ა ა დ გ ი ნ ა :

1. დაკმაყოფილდეს ჯ-ნ ჯეფ კების წარმომადგენლის ქეთევან ქვარცხავას განცხადება სარჩელის უზრუნველყოფის ღონისძიების გამოყენების შესახებ.

2. მოპასუხეებს: ინა გულეავიძეს, ია პატარკაციშვილს და ლიანა ქმოტოვას აუკრძალოთ განახორციელონ ფაქტობრივი ან/და ფაქტობრივი მოქმედება საჭეივოების ან მისი ნაწილის საკუთრების, მფლობელობის ან ხხვა უფლებით მიღებასთან ან ჩუნებითად სხვა პირისათვის გადაცემასთან დაკავშირებით:

3. მიეწიოს მოსარჩელე ჯ-ნ ჯეფ კების უფლება – განახორციელოს ნებისმიერი მოქმედება, რასაც აუცილებლად ჩათვლის არკადი (ბადრი) პატარკაციშვილის საჭეივოების შეჩერების და მიცე¬ისათვის, ისევე როგორც მისი ან მისი ნაწილის რეალიზაციისათვის, თუ ასეთი რეალიზაცია აუცილებლად ჩათვლება შემქმედრეთა პატარიალური ინტერესებიდან გამომდინარე, ხოლო მისი რეალიზაცით ამონაგები თანხები მოათავსოს ხასამართლოს ხადეპოზიტო ანგარიშზე, ხაკ ესტუტეის ხაინისტრის უფლდესი ხაბჭის საერთო ხასამართლოების დეპარტამენტის ანგარიშზე სხ „კანკი რესპუბლიკა", ანგარიშის №33050001, მფო- 220101757; ბანკის კოდი 204856263.

4. განიცხადებელ მოპასუხეების ია პატარკაციშვილის და ლიანა ქმოტოვას მიმართ ხასამართლომი სარჩელის ადერისათვი მიეცეს 10 (ათი) დღის ვადა განჩინების გადაცქმის დღიდან.

5. განჩინების განცხადეკელდეს, რომ თუ სარჩელის უზრუნველყოფის ღონისძიებები გაუქმებულდება გამოდგა იმის გამო, რომ მოსარჩელეს ურნა უთქვა სარჩელზე და გადაწყვეტილება შევიდა კანონიერ ძალაში, ანდა იმის გამო, რომ ხასამართლომ მიერ დანისშეა ვადაში სარჩელის უზრუნველყოფის შესახებ განცხადების შეტანი პირი არ აღძრავს სარჩელს, ხასამართლო თავისი ინიციატივით ან მოწინააღმდეგე მხარის შუამდგომლობის საფუძველზე გამოიტანს განჩინებას სარჩელის უზრუნველსაყოფად მის მიერ მიღებული ღონისძიებების გაუქმების შესახებ. მაშინ საქართველოს სამოქალაქო საპროცესო კოდექსის 199-ე მუხლის მე-3 ნაწილის თანახმად, იმი ვალდებულია იქნება აუნაზღაუროს მეორე მხარეს ზარალი, რომელიც მას მიადგა სარჩელის უზრუნველსაყოფად გამოყენებული ღონისძიების შედეგად.

6. ამ განჩინების აღსრულება მოხდეს დაუყოვნებლივ რისთვისაც გაიცეს სააღსრულებო ფურცელი.

7. განჩინებაზე შეიძლება საჩივრის შეტანა 5 დღის ვადაში. ამ ვადის გაგრძელება არ შეიძლება და მისი დღეა იწყეა უზრუნველყოფის შესახებ განჩინების მოსახუხისათვის გადაცემის მომენტიდან.

მოსამართლე: / დ. ბერეკაშვილი/



ორიათასხუთვა წლის ოც მაისს მე, ნინო მასხულია, ნოტარიუსი ქალაქ თბილისში, რომელის სახოცართი სიუერი მდებარეობს მისამართზე: ქ.თბილისი, მდგვა დადიანის ქ. №12, ვამოწმე თბილისის საქალაქო სასამართლოს სამოქალაქო საქმეთა კოლეგია 2008 წლის 14 მაისის განჩინების, ხაქმას №2/1597-08, ასლის იგეიეურობას დედანთან რომელიც წარმოდგენილია ჩემთან ქალაქ ... ელიოხაშვილის მიე ზაალდუილდა 1960 წლის 22 ოქტგრდეცს, პახპორტი №0609217, პირადი №0100800880 გაცემული საქართველოს მსნ მიერ 2000 წლის 8 აგნისს, ხასხონტეს მოქმედების ... გაცნობუდეცია 2010 წლის 8 აგნისადდე, რომელიც გაბიცხდა, რომ ჩივგრობს ქ.თბილისის ქისამდგილის ქ.ფა №429.

გაცხადება 1.65 დანა - ისქირი 1.40 დანა საწისერო მოქმედებიი ...

წ.ფ ...ციათმუდილი ჩემს რიი. №1- 9273



ნოტარიუსი                                                      ნინო მასხულია



Case No. 2/1597-08

# DECISION
## In the name of Georgia

Tbilisi                                                                14 May, 2008

### Chamber of Civil Cases of Tbilisi City Court

#### Judge Diana Berekashvili

**Plaintiff**: Joseph Kay
**Representative**: Ketevan Kvartskhava

**Defendants**: Inna Gudavadze; Ia Patarkatsishvili; Liana Jmotova

**Subject of the dispute**: Preliminary injunction measure

Without the verbal hearing, the Court unanimously considered the application of Joseph Kay on application of preliminary injunction measure.

#### Findings:

On 07 May, 2008 Joseph Kay submitted the Claim to the Chamber of Civil Cases of Tbilisi City Court against Inna Gudavadze and demanded to recognize him as the executor of the estate.

On 14 May, 2008 Ketevan Kvartskhava, the representative of Joseph Kay filed the Application with Chamber of Civil Cases of Tbilisi City Court and indicated that she intended to specify the Claim, in which the heirs Ia Patarkatsishvili, Liana Jmotova and Olga Safonova shall be included as the Defendants, stipulating the prohibition of prevention of the Plaintiff from executing his rights and obligations, whereas Olga Safonova shall be involved in the part of the recognition claim.

According to the applicant, the Defendant Inna Gudavadze, using her children, is attempting to acquire the control over the estate of Badri Patarkatsishvili without taking into account the rights of other heirs and the will of the executor of the estate. In accordance with the Letter of Wishes of Badri Patarkatsishvili, executed on 14 November, 2007, before his death, the Plaintiff and his Company were entitled to manage, own and dispose the estate being in direct and indirect possession of Badri Patarkatsishvili, and in case of his death, to sell the estate by means of private disposal or the auction. At the same time, after the payment of all debts, taxes and expenses, he was authorized to distribute such estate under Badri Patarkatsishvili's confidential instructions. Pursuant to the Deed of Appointment of the Executor of the Estate, Joseph Kay was appointed as the Executor of his estate. The Plaintiff informed the Defendants of the will of the deceased and the attorney Emanuel Zeltser notified the family regarding the last wish of Badri Patarkatsishvili.

1

The Plaintiff indicates that the estate of Badri Patarkatsishvili consists of the shares in the companies of the different countries worldwide, also the immovable property, out of which the part is transferred to other persons with the right of management, trust or in any other manner. According to the "Deed on Appointment of the Executor", dated prior to the death of Badri Patarkatsishvili, on November 14, 2008 Joseph Kay was appointed as an executor of the estate of Badri Patarkatsishvili. According to the "Letter of Wishes", made on the same date, the Plaintiff and his Company was supposed to manage, possess and dispose of Badri Patarkatsishvili's assets during his life-time and after his death. In addition, in the event of the death, the Appointee (as referred in the Letter of Wishes) was supposed to collect the property, sell directly or through the public auction, pay all debts, taxes and costs and distribute the remaining sums in accordance with the confidential instructions of the deceased among the heirs. The Plaintiff is not an heir of Badri Patarkatsishvili and it is not his aim to gain certain benefit, to the contrary, his aim is to execute the will of the deceased in accordance to his instructions and protect the estate.

According t the Applicant's explanation, on 12 March, 1994 the Agreement was signed between B. Patarkatsishvili and Inna Gudavadze in which the parties declare their marriage as formal. As per Article 5 of the mentioned Agreement, Badri Patarkatsishvili and Inna Gudavadze undertook the separate responsibility with regard to any obligations which might arise after signing the aforesaid Agreement. Based on the contents of this document, the Plaintiff believes that at the moment of the death of the heir, the mentioned parties might have been divorced officially, which may significantly impact the distribution of the estate. If the Defendants receive or transfer the part of the estate to any third persons, the will of the deceased shall be evidently infringed, the rights of other heirs shall be violated and the Executor of the estate shall not be able to fulfill his functions and assignment, even in case of satisfaction of the Claim.

**Due to the foregoing, the Plaintiff demands as follows:**

1.  To prohibit the Defendants: Inna Gudavadze, Ia Patarkatsishvili and Liana Jmotova from carrying out of any legal or and factual actions related to the acquisition of the ownership or any other right over the estate or any part thereof or its transfer to any other third persons.

2.  To authorize the Plaintiff Joseph Kay to effect any actions, deemed by him appropriate for the collection and maintenance of Arkadi (Badri) Patarkatsishvili's estate, as well as the sale of whole or the part thereof, if such sale shall be deemed necessary for the material interests of the heirs, whereas the amounts, generated from such sale shall be placed on the deposit amount of the before the resolution of the dispute.

Having considered the submitted Application according to Articles 199, 199 of the Civil Procedures Code of Georgia, the Court hereby regards that the Application On the Preliminary Injunction is well-grounded and it shall be satisfied due to the following:

The purpose of the Preliminary Injunction is to secure the enforcement of the court decision. This purpose is clearly stated in Article 191 of the Civil Procedures Code of Georgia, under which the preliminary injunction shall be allowed, if the non-application of the preliminary injunction measure impedes or makes impossible the enforcement of the decision. Thus, the preliminary injunction is aimed to secure the real enforcement of the decision without any obstruction by means of limitation of the certain rights of the defendants, and its purpose is to protect the subject of the dispute and to ensure the enforcement of the decision in the future.

2

Therefore, the applying of the preliminary injunction measures does not imply the preliminary resolution of the claim and its satisfaction before the material consideration.

Pursuant to Article 192 of the Civil Procedures Code of Georgia, the plaintiff, in case of emergency, may apply the court with the preliminary injunction before initiation of the claim. The Application shall contain the indication of circumstances due to which the non-applying of preliminary injunction measures shall impede or make impossible the enforcement of the decision. The obligation to indicate the factual circumstances, which confirms the supposition on the necessity of applying specific measures of the preliminary injunction, shall be borne by the applicant. The question on the particular type of the preliminary injunction to be applied shall be resolved by the court based on the character of the demand and its contents. In the application of preliminary injunction, the applicant is obligated to indicate not only the type of the preliminary injunction measures, but the reason why it necessary to apply the preliminary injunction measures specified by the applicant. Moreover, the applicant must clearly and evidently formulate the claim demands, which shall be initiated in the future against the defendant in order to enable the court to resolve the dispute, proceeding from the contents and character of these demands, on applying the specific preliminary injunction measures or refusing to apply such measures.

As per Article 198, Part One of the Civil Procedures Code of Georgia, the question on the particular type of the preliminary injunction to be applied shall be resolved by the court. The types of the preliminary injunction measures are listed in Part Two of the same Article. The law does not regulate the type of the measure to be applied by the court in a specific case. This matter shall be decided by the court in accordance with the character and content of the claim demand. In the given case, the Plaintiff initiated the Recognition Claim and the subject of the dispute is the recognition of the Plaintiff as the Executor of the estate and prohibition of the obstruction from the side of the Defendants. The Court regards that in case of the recognition claim the application of preliminary injunction measures is possible likewise in case of possessive claim, since in the event of the recognition claim the center of legal relations is focused on the right and the party demands the protection of its rights in order they shall not be violated in the future. While disputing the appointment of the executor of the estate, in case of satisfaction of the recognition claim, the party shall be enabled to effect certain actions; hence, the court believes that it possesses the good reason to request the court to ensure the ability of fulfillment of future actions.

The Plaintiff's demand is the recognition of the Plaintiff as the executor of the estate and prohibition of the obstruction from the side of the Defendants. As the preliminary injunction measure, the demand of the Plaintiff is as follows: 1. "To prohibit the Defendants: Inna Gudavadze, Ia Patarkatsishvili and Liana Jmotova from carrying out of any legal or/and factual actions related to the acquisition of the ownership or any other right over the estate or any part thereof or its transfer to any other third persons". 2. "To authorize the Plaintiff Joseph Kay to effect any actions, deemed by him appropriate for the collection and maintenance of Arkadi (Badri) Patarkatsishvili's estate, as well as the sale of whole or the part thereof, if such sale shall be deemed necessary for the material interests of the heirs, whereas the amounts, generated from such sale shall be placed on the deposit amount of the before the resolution of the dispute". The court regards that in the given case, there exists the coincidence of preliminary injunction and claim demands and, in this connection, the explanation of the court is the following: the preliminary injunction is the temporary measure, which serves the prompt and effective protection of material and legal rights and facilitates the exercising the rights established by the court. If there exists the supposition that the non-application of the preliminary injunction measure shall impede or make impossible the enforcement of the decision, the court may apply

3

the preliminary injunction measure even if the subject of the preliminary injunction and the subject of the claim are the same.

In accordance with Article 198 of the Civil Procedures Code of Georgia, Part Three, the court is entitled to apply other measures, which are necessary for the preliminary injunction. If needed, several types of preliminary injunction may be allowed. According to the Plaintiff, in case of satisfaction of the claim, the enforcement of the decision shall become impossible, since the estate subject to execution at that period may cease existence, alienated or devaluated. With consideration of the aforementioned circumstances, the court must apply the preliminary injunction measure, since in case of non-existence of the estate mass, the decision of appointment of the executor of the estate shall not be enforceable, i.e. at the moment of the entry of the court decision into force the decision shall become unenforceable. The court believes that the claim demand is the recognition of J. Kay as the executor of the estate, although, due to the specificity of the dispute subject to consideration, the obstruction in the enforcement of the decision shall not be only granting the status of executor of the estate to J. Kay, but also the protection of the estate mass, in order to enable the further actions in case of satisfaction of the claim. Furthermore, the necessity to administer the estate is conditioned not only by the need to protect the estate (protection of the property from waste, loss, damage, destruction and other similar effects), but securing the uninterrupted legal relations for the protection of legal interests and rights of counter-agents and third parties, participants of legal relations. The executor of the estate is authorized to substitute the appointor, being one of the basic aspects of the inheritance institute aiming at the immediate substitution of the person absent from the legal relationships due to his death.

In accordance with applying the preliminary injunction measures, J. Kay shall be obligated to place the sums generated from the administration of the estate on the deposit amount of the court, at: High Council of Justice, Common Courts Department JSC Bank Republic, account number 33050001, - 220101757, bank code: 204856263.

### Resolution Part:

Having governed with Articles 191, 199, 284, 285 of Civil Procedures Code of Georgia, the Court hereby

### Resolved:

1.  The Application of the representative of Joseph Kay Ketevan Kvartskhava on the Preliminary Injunctions shall be satisfied;

2.  The Defendants: Ina Gudavadze, Ia Patarkatsishvili and Liana Jmotova shall be prohibited to execute any legal or factual action on accepting the ownership, possession or other right themselves, or to the benefit of any third party over the estate;

3.  The Plaintiff Joseph Kay shall be granted a right – to execute any action deemed by him appropriate to collect and maintain the estate of Arkadi (Badri) Patarkatsishvili, as well as sell whole or the part thereof, if such sale shall be deemed necessary for the material interests of the heirs, whereas the amounts, generated from such sale shall be placed on the deposit amount of the court, at: High Council of Justice, Common

4

Courts Department JSC Bank Republic, account number 33050001, - 220101757, bank code: 204856263;

4.  The Plaintiff shall be given a time of 10 days to submit a claim against Ja Patarkatsishvili and Liana Jmotova from the date of serving this Decision;

5   To explain to the applicant that if the preliminary injunction measures are proved to be unjustified due to the fact that the Plaintiff's claim was rejected and the decision has entered legal force, or if the applicant for the preliminary injunction fails to submit the claim within the term specified by the court, the court, at its own initiative or based on the motion of the opponent party, shall adopt the Decision on cancellation of the injunction measures, and under Article 199, Part Three of Civil Procedures Code of Georgia, the applicant shall be obliged to compensate the other party the damage, which was inflicted due to applying the preliminary injunction measures.

6.  This Decision shall be enforced immediately by issuing the Execution Paper.

7.  The Decision may be appealed within 5 days. This term shall not be extended and it shall run from the date of serving this Decision to the Defendant.


Judge:                          D. Berekashvili/signed

Assistant to the Judge:    T. Gavashelishvili/signed

*Stamped*


წინამდებარე ქართული ენიდან ინგლისურ ენაზე შესრულებული სწორ მთარგმ და სრულიად [illegible]

5

საქართველო
სახ...ართო აქტი

რეესტრში რეგისტრირებია N1-4279

ორიათასხუთ წლის ოც მაისს მე, ნანი მახხუტია, ნოტარიუსი ქალაქ თბილისში, რომელის ხსნიღებ ... ... მისამართზე: ქ.თბილისი, ... დაღანის ქუჩა N12, ... ორგ... ... ქუთვან ელიოზაშვილის ხელმოწ ... ... ... ... ... ... ... ... ... 2008 წლის 14 მაისის განხ... ხ.ქძ.ძ. N2/1597-08.

ქუთვან ელიოზაშვილი, დაბადებია 1960 წ. 22 ოქტომბერს, ბახ N0609217. ... N0108N00SS02 ... ... 31-ი მ... 2000 წლის 8 ... ბახ... ... ... 2010 წ. 8 ... ... ... ქ. ... ... ქუჩა N120. ... ... ... ... ... ... 1984 წლის 10 ... ... ... ... 11B N258840, ... ... N01/1254.

... ... ... ... ... ...

... ... 2,00 ... ... ... ... ... ... (11 ... 1998 წ. N1417 II ა.) 29-ე ... ... ... 0,36 ... ... ... ... 245-ე ...



ნოტარიუსი                                        ნანი მახხუტია

Exhibit 3



საქმე №2/1597-07

# ს ა ა ღ ს რ უ ლ ე ბ ო   ფ უ რ ც ე ლ ი

14 მაისი 2008 წელი                                      ქ. თბილისი

თბილისის საქალაქო სასამართლოს სამოქალაქო საქმეთა კოლეგია

მოსამართლე დიანა ბერუკაშვილი

განმცხადებელი: ჯოზეფ კეი;

წარმომადგენელი: ქდუეჯან ქქარსჰავას;

მოწ. მხარეები: ინა გუედავაძე, ია პატარკაციშვილი, ღიანა ქმოღუვა;

დავის საგანი: სარჩელის უზრუნველყოფის ღონისძიება;

თბილისის საქალაქო სასამართლოს სამოქალაქო საქ
14 მაისი 2008წ.

## გ ა ღ ა წ ყ ვ ე ტ ი ლ ე ბ ი ს  (განჩინების) სარეზოლუციო ნაწილი:

1. დააკმაყოფილდეს ჯოზეფ კეის წარმომადგენლის ქდუეჯან ქქარსჰავას განცხადება სარჩელის უზრუნველყოფის ღონისძიების გამოყენების შესახებ;

2. მიეახასუჩხუეს: ინა გუედავაძე, ია პატარკაციშვლს და ღიანა ქმოღუვას აკრძალოთ განახორციელონ იურიდიული ან/და ფაქტობრივი მოქმედება ხამკვიდრის ან მისი ნაწილის საჯუირების, მელობელობის ან სხვა უფლებით მილღებასთან ან ნებისმიერი სხვა პირისათვის გადაცემასთან დაკავშირებით;

3. მიენიჭოს მოსარჩელე ჯოზეფ კეის უფლება - განახორციელოს ნებისმიერი მოქმედება, რასაც აუცილებლად ჩათვლის არკადი (ბადრი) პატარკაციშვილის ხამკვიდრის შეგირების და მიეცლისათვის, ისევე როგორც მისი ან მისი ნაწილის რელიხაცეთისათვის, თუ ასეთი რელიხაცია აუცილებლად ჩაითვლება მემკვიდრეთა მატერიალური ინტერესებიდან გამომდინარე, ხოლო მისი რეალიხაციით ამონახდები თანხები მიიათვლის სასამართლოს სადეპოხიტო ანგარიშზე, საქ. იუსტიციის სამინისტროს უმაღლესი საბჭოს საერთო სასამართლოების დეპარტამენტის ანგარიშზე ან „ბანკი რესპუბლიკა", ანგარიშის №33050001, მუფ- 220101757; ბანკის კოდი 204856263.





*CASE NO. 2/1597-08*

# EXECUTION  PAPER

14 May, 2008                                             Tbilisi

Chamber of Civil Cases of Tbilisi City Court

Judge Diana Berekashvili

**Applicant**: Joseph Kay
**Representative**: Ketevan Kvartskhava
**Opponents**: Inna Gudavadze; Ia Patarkatsishvili; Liana Jmotova
**Subject of the dispute**: Preliminary injunction measure

Chamber of Civil Cases of Tbilisi City Court
14 May, 2008

## RESOLUTION PART OF THE DECISION:

1. The Application of the representative of Joseph Kay Ketevan Kvartskhava on the Preliminary Injunctions shall be satisfied;
2. The Defendants: Ina Gudavadze, Ia Patarkatsishvili and Liana Jmotova shall be prohibited to execute any legal or factual action on accepting the ownership, possession or other right themselves, or to the benefit of any third party over the estate;
3. The Plaintiff Joseph Kay shall be granted a right – to execute any action deemed by him appropriate to collect and maintain the estate of Arkadi (Badri) Patarkatsishvili, as well as sell whole or the part thereof, if such sale shall be deemed necessary for the material interests of the heirs, whereas the amounts, generated from such sale shall be placed on the deposit amount of the court, at: High Council of Justice, Common Courts Department JSC Bank Republic, account number 33050001, – 220101757, bank code: 204856263;
4. The Plaintiff shall be given a time of 10 days to submit a claim against Ia Patarkatsishvili and Liana Jmotova from the date of serving this Decision;

**Decision entered into the legal effect on March 13, 2008**

**Name and requisites of the creditor: Joseph Kay, residing at 5, Chanturia str., Tbilisi**

**Name and requisites of the debtor: Inna Gudavadze, residing at V,VI km, Kojori Highway, Tbilisi**

**Date of issuance of the Execution Paper May 14, 2008.**

**Judge:**                     **D. Berekashvili**/*signed*

*Stamped*

ქაიაზუბოს ქართული ენისას ინკლიურს ქნასე შესრულებას შემ მადა და ნინაასი

1





საქართველო
ხანოტარიო აქტი

რეესტრში რეგისტრირების №1- *4276*

ორიათასრვა წლის ოც მაისს მე, ნინო მახხულია, ნოტარიუსი ქალაქ თბილისში, რომელსაც სანოტარო ბიურო მდებარეობს მისამართზე: ქ.თბილისი, ძაღვა დადიანის ქუჩა №12, ვამოწმებ თარგმანს. ქალაქ... ქართველ ელიოზაშვილის ხელმოწერის ჭეშმარიტებას, რომელიც თარგმნა ქართული ენიდან ინგლისურ ენაზე თბილისის საქალაქო სასამართლოს სამოქალაქო საქმეთა კოლეგიის მიერ 2008 წლის 14 მაისს გამოტანილი სასამართლო გადაწყვეტილება, საქმის №2-1597-07.

ქართველ ელიოზაშვილი, დაბადებული 1960 წლის 22 თებერვალს, პასპორტი №0609217, პირადი №01008008802. გაცემული საქართველოს შსს მიერ 2000 წლის 8 ივნისს, პასპორტის მოქმედების ვადა გაგრძელდა 2010 წლის 8 ივნისამდე, რომელიც ცხოვრობს, რომ ცხოვრობს ქ.თბილისში. ჭავჭავაძის ქუჩა №129. პროფესიით არის ინჟინერი ენის სპეციალისტი, რაც დასტურდება ... სპეციალისტი, მიერ 1954 წლის 10 ივლისს გაცემული წარჩინების დამცემული НВ №258840, ჩაწერილობრივი №01/1254.

...ამასთან გადასახდელი ამ ხელ... მესახეს, რომელიც შეადგენს ამოსრული თარჯმანს.

გადასახადი 2.36 ლარი - ... ნოტარიუსი მომსახურებით საქართველოს ნოტარიუსის ... 21 ივნისის, 1998 წ. №1417 II ს.) 29-ე მუხ...

ნოტარიუსი



ნინო მახხულია