UNITED STATES DISTRICT COURT             **FILED ELECTRONICALLY**
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

INNA GUDAVADZE, *et al.*,            08-Civ-3363 (RJS)

        Plaintiffs,

    v.

JOSEPH KAY, *et al.*,

        Defendants.

------------------------------------X

## DECLARATIONS ON REPLY IN SUPPORT OF DEFENDANT JOSEPH KAY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT OR, ALTERNATIVELY, FOR A STAY

1. Ketevan Kvartskhava

2. Keith Azopardi

3. William E. Butler

4. David Kay

5. Scott M. Himes

STILLMAN, FRIEDMAN &
SHECHTMAN, P.C.

425 Park Avenue
New York, NY 10022
(212) 223-0200

December 15, 2008           *Attorneys for Defendant Joseph Kay*

**KETEVAN KVARTSKHAVA DECLARATION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

INNA GUDAVADZE, et al.,

                Plaintiffs,

v.

JOSEPH KAY, et al.,

                Defendants.

------------------------------------X

08-Civ-3363 (RJS)

**REPLY DECLARATION OF
<u>KETEVAN KVARTSKHAVA</u>**

I, KETEVAN KVARTSKHAVA, am over the age of eighteen, have personal knowledge of, and am competent to testify to, the facts set forth below, and declare the following to be true and correct pursuant to 28 U.S.C. Section 1746:

1. I submit this Declaration in reply to Plaintiffs' papers in opposition to Defendant Kay's motion to dismiss. I have reviewed Plaintiffs' papers, including their Memorandum of Law and the Declarations of Prof. Dr. Lado Chanturia, Prof. Douwe Korff and Jennifer R. Cowan, together with the exhibits accompanying those Declarations.

2. I respond here to two matters which are raised in Plaintiffs' opposition to dismissal: (a) Plaintiffs' contention that the proceedings in the Georgian Court on Mr. Kay's recognition claim (the "Recognition Claim Proceedings") have been delayed improperly; and (b) Plaintiffs' contention that Mrs. Gudavadze's common property interest in Mr. Patarkatsishvili's assets will not be addressed in the Recognition Claim Proceedings. As stated in my October 2, 2008 Declaration, my firm and I are legal counsel to Mr. Kay in connection with the Recognition Claim Proceedings and related matters involving Mr. Patarkatsishvili's estate, and I am familiar

with those proceedings. My response to Plaintiffs' contentions, as set forth below, is based mainly upon matters which have occurred in the course of the Recognition Claim Proceedings (including the parties' filings and the Court decisions) and in the related matters.

**Plaintiffs' Contention That the Recognition Claim Proceedings Have Been Delayed Improperly**

3. While Article 59, Part 3, of the Civil Code of Georgia sets forth a two to five month time frame for a court to consider a case within the regular course, Articles 62 and 64 authorize suspension and extension of the time period. (Copies of Articles 62 and 64 are attached as Exhibit 1.) Typically, a court's consideration of a case will be extended where parties seek preliminary or provisional relief. Additionally, preliminary or provisional rulings of the court of first instance are generally appealable as of right, which also can delay the proceedings while the appeal is pending.

4. These circumstances have occurred in the Recognition Claim Proceedings. As I described in my Oct. 2 Declaration, at the outset of the case there were various applications, rulings and appeals on preliminary injunctive relief and other preliminary matters. (Oct. 2 Decl. ¶¶ 9, 14-17) Since then, there have been other interim and preliminary injunction applications, resulting in rulings from the lower court and subsequent appeals. Some of these are, in fact, contained in Plaintiffs' opposing papers. (July 25, Sept. 15, and Oct. 3, 2008 Decisions, Exs. F, G & B, respectively, to the Cowan Decl.)

5. The various interim applications and appeals have led, quite understandably in my experience, to reasonable extensions and suspension of time periods in the regular course of the Recognition Claim Proceedings and the related matters. It is not unusual or surprising that a final hearing in the matter has not yet occurred. Moreover, that scheduling

2

delay, in my view, surely is not irregular or improper; nor should it be viewed as suggesting any inappropriate influence in the judicial process.

### Plaintiffs' Contention That the Georgian Court Will Not Address Mrs. Gudavadze's Common Property Interest

6. Plaintiffs contend (principally through the view of Prof. Chanturia) that Mrs. Gudavadze, as a spouse, has a 50% common property interest in Mr. Patarkatsishvili's assets independent of his estate and available for distribution without involvement of the Georgian Court in the Recognition Claim Proceedings. In reality, however, in on-going related proceedings the Georgian Court *is* playing a role with respect to determinations concerning Mrs. Gudavadze's common property interest.

7. Under the Civil Code of Georgia, property acquired "by the spouses during the marriage" shall constitute "property owned by them in common" (unless otherwise stipulated in an agreement). Spouses have "equal rights" in this common property. (Articles 1158, 1159; set forth in Ex. C to the Chanturia Decl.) In my Oct. 2 Declaration, I noted issues involving Mrs. Gudavadze's 50% common property share in connection with estate matters; I also noted that under Georgian law, *Mr. Patarkatsishvili's estate* "includes any share in common property to which the decedent was entitled." (Oct. 2 Decl. ¶¶ 8, 10) Thus, Mrs. Gudavadze's common property interest is in a real sense directly connected to the estate's interests. On-going proceedings make this clear.

8. As set forth in Plaintiffs' opposition papers, on October 3, 2008, a Georgian Notary, on Mrs. Gudavadze's request, issued a Certificate of Ownership supposedly attesting to her 50% ownership interest in Mr. Patarkatsishvili's assets. (Ex. D to the Cowan Decl.) Mr. Kay believes that that Certificate was issued erroneously.

9. Accordingly, in mid-November Mr. Kay applied to the Georgian Court (Civil Chamber of the Tbilisi City Court) for a preliminary injunction against the Certificate of Ownership. By a Ruling dated November 20, 2008, the Georgian Court (Judge Irakli Adeishvili) suspended the effect of the Certificate of Ownership, subject to further determination. (A copy of this Ruling, as translated, is attached to the accompanying Reply Declaration of Scott M. Himes as Exhibit A.) The basis for this Ruling is Kay's showing that the Notary had mistakenly interpreted "common property," because the Notary had not included Mrs. Gudavadze's own assets in determining her spousal share in the common property; that is, the Notary awarded Mrs. Gudavadze a ½ interest in Mr. Patarkatsishvili's assets without considering both spouse's common property interests. Treating the assets in this manner "significantly reduced the size of the estate/property and was harmful for the interests of other heirs." (Ex. A to the Himes Reply Decl., at pp. 1-2)

10. In accord with the procedural requirements, on December 1, 2008, Mr. Kay filed his formal Claim seeking permanent cancellation of the Certificate of Ownership. (Exhibit B to the Himes Decl.) (This is, technically, a separate case, but it is obviously directly related to the Recognition Claim Proceedings.) As part of adjudicating that Claim, it is expected that the Court will identify all common property -- that of both Mr. Patarkatsishvili (now held by the estate) and Mrs. Gudavadze -- and determine a valuation of all such property. Doing so, we believe, is necessary to determine Mrs. Gudavadze's proper, correctly calculated 50% common property interest (even assuming she is entitled to such an interest). This determination, in turn, will affect the amount of the estate's assets remaining for other heirs.

11. As a consequence, the Georgian Court is involved in determinations relating to Mrs. Gudavadze's common property interest, and those determinations may affect the amount of the estate's wealth and its assets.

I DECLARE under penalty of perjury under the laws of the United States of America that the contents of the foregoing Declaration are true and correct.

Dec. 11, 2008
DATE

KETEVAN KVARTSKHAVA

# EXHIBIT 1

მუხლი 62. საპროცესო ვადის შეჩერება
ყველა დაუმთავრებელი საპროცესო ვადა შეჩერდება საქმის წარმოების შეჩერებით. ვადების შეჩერება დაიწყება იმ გარემოებათა წარმოშობის დღიდან, რომლებიც საფუძვლად დაედო წარმოების შეჩერებას. წარმოების განახლების დღიდან საპროცესო ვადის დენა განახლდება.


მუხლი 64. საპროცესო ვადის გაგრძელება
სასამართლოს მიერ დანიშნული ვადა, თუ კანონით სხვა რამ არის დადგენილი, სასამართლომ შეიძლება გააგრძელოს მხარეთა თხოვნით ან თავისი ინიციატივით. (28.12.2007. N5669)

# "Civil Procedures Code of Georgia"

### Article 62. Suspension of the Procedural Term

Through suspending the court proceedings all pending procedural terms shall be suspended. The terms shall be suspended from the date of occurrence of the circumstance, which caused the suspension of the proceedings. The procedural terms recommence from the moment of resuming of the proceedings.

### Article 64. Extension of the Procedural Term

The procedural term designated by the court may be extended based on the request of the parties or by the court's own initiative, unless otherwise stipulated by the law.

თარგმანი ქართული ენიდან ინგლისურ ენაზე შესრულებულია ჩემს მიერ და სწორია: ქეთევან ელიოზაშვილი.

*I certify the correctness of the translation from Georgian into English:* Ketevan Eliozashvili

სანოტარო აქტი
საქართველო

NOTARY ACT
GEORGIA

რეგისტრირებულია რეესტრში №1-2952
Registration No1-2952

ორიათას რვა წლის თორმეტ დეკემბერს მე, ნოტარიუსს ნინო ბარაბაძე, რომლის სანოტარო ბიუროც მდებარეობს მისამართზე: ქ. თბილისი, ნავთლუღის ქ.№3, გამოწმევ ქეთევან ელიოზაშვილის (დაბ. 22.02.1960წ. საქართველო, პასპორტის №0609217, პირადი №01008008802, გაცემული შსს-ს მიერ 08.06.2000წ. მისი განცხადებით მცხ. ქ. თბილისში, ქობულეთის ქ. №29, დიპლომი წარმოჩინებით ИВ No.258840 გაცემული თბილისის სახელმწიფო უნივერსიტეტის მიერ 1984 წლის 14 ივლისს, რეგ. № 01/1254) ხელმოწერის ნამდვილობას მის მიერ ჩემთან წარმოდგენილი თარგმანზე ქართული ენიდან ინგლისურ ენაზე. მე, ნოტარიუსმა გავაფრთხილე თარჯიმანი, რომ იგი პასუხს აგებს თარგმნის სიზუსტეზე, რომელმაც დაადასტურა, რომ ჯეროვნად იცის ინგლისური ენა და უზრუნველყოფს თარგმანის სიზუსტეს, გადახდილია სანოტარო საზღაური ორი ლარი თანახმად სანოტარო მოქმედების შესრულებისათვის საზღაურის შესახებ საქართველოს კანონის 29-ე მუხლისა.

I, the Notary **Nino Barabadze**, in the Notary's Office located at the address: 3, Navtlugi, Street, Tbilisi, Georgia on the twelfth day of December of the year two thousand and eight was addressed by the translator **Ms. Ketevan Eliozashvili** (born 22.02.1960y. Georgia, Passport No. 0609217, Personal No. 01008008802, issued by the Ministry of Internal Affairs on 8 June 2000, residing at 29, Kobuleti street, Tbilisi) and requested the notarization of the translation presented by her from the Georgian into the English language. She presented the document certifying her knowledge of the English language: First Grade Diploma ИВ No.258840, issued by the Tbilisi State University on 10 July 1984, registration No.01/1254. The translator declared that she is responsible for the translation made by her. the notary fee was paid in accordance with the Law of Georgia On Notary Fees, Article 29.



ნოტარი                                                   ნინო ბარაბაძე
Notary                                        Nino Barabadze

