# KEITH AZOPARDI DECLARATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
INNA GUDAVADZE, *et al.*,                : 08-Civ-3363 (RJS)
                                         :
            Plaintiffs,                  : **DECLARATION OF**
                                         : **KEITH AZOPARDI**
      v.                                 :
                                         :
JOSEPH KAY, *et al.*,                    :
                                         :
            Defendants.                  :
                                         :
------------------------------------X

I, KEITH AZOPARDI, am over the age of eighteen, have personal knowledge of, and am competent to testify to, the facts set forth below, and declare the following to be true and correct pursuant to 28 U.S.C. Section 1746:

1. I am a Barrister admitted in Gibraltar and in England and Wales. I am a Partner in the Gibraltar law firm Attias & Levy, located at 39 Irish Town, Gibraltar. I am lead Gibraltar counsel to Mr. Joseph Kay in connection with current proceedings in the Supreme Court of Gibraltar, entitled *Miselva Etablissement, et ano. and Inna Gudavadze, et al.*, 2008-M-No. 70 (the "Gibraltar Action"). I understand that the Amended Complaint in this case includes allegations referring to the Gibraltar Action and attaches as exhibits certain filings in the Gibraltar Action. The parties in the Gibraltar Action, in addition to Joseph Kay and Inna Gudavadze, include Iya Patarkatsishvili and Liana Zhmotova, all of whom I understand are parties in this case.

2. The two trusts in issue in the Gibraltar proceedings, the Valmore and Summit Trusts, are governed by Gibraltar law. The proceedings were instituted in April 2008

when the trustees of both trusts invoked the special supervisory jurisdiction of the Court in trust matters by issuing proceedings seeking the guidance and directions of the Court on a number of questions under Part 64 of our Civil Procedure Rules and the Trustees Act 1895. No party to the proceedings has disputed the Gibraltar Court's jurisdiction. The time for disputing jurisdiction has now elapsed and parties are taken to have consented to the jurisdiction of the Gibraltar Courts over the subject-matter of the dispute. The Gibraltar Court is therefore seized of jurisdiction over all aspects of the trust dispute including jurisdiction over the trust assets. In that context the Gibraltar Court has power to make orders concerning the trusts and such assets, property or monies held within these.

3. In particular the court has wide power to allow the trustees to distribute assets on a particular footing or to make vesting orders of trust property (such as land, stock or choses in action) under ss 43-52 of the Trustees Act 1895 if the statutory criteria is met.

4. In general as the Court has supervisory jurisdiction over the dispute it has powers to issue such orders it considers necessary in relation to the trust and assets at any stage.

5. That power has been recognized by Mr Justice Dudley who is the trial judge in this case. Initially he made ex parte orders on 21 April 2008 that the trustees "take control of the trust fund of each trust and of the companies and subsidiaries thereof whose shares form part of each trust fund." That order was subsequently discharged and varied on terms stipulated in an Order of 6 May 2008. "Trust Fund" in relation to the trusts was defined in the 21 April order and the subsequent 6 May order as meaning "the property (and any property representing that property) settled... on the Trusts."

6. In any event the learned Judge retains powers over the assets which allows him to issue orders inter alia to preserve these pending Trial or give directions as to their management before or after Judgment in the action.

I DECLARE under penalty of perjury under the laws of the United States of America that the contents of the foregoing Declaration are true and correct.

12/12/08
Date

KEITH AZOPARDI

3